

CENTER for BIOLOGICAL DIVERSITY          Because life is good.

July 1, 2016

*Via Electronic Filing*

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

**Re:**  *Center for Biological Diversity v. U.S. Environmental Protection Agency*,
**No. 14-72602 (consolidated with No. 14-72553)**
**Oral Argument Scheduled for July 19, 2016**

Dear Ms. Dwyer:

      Pursuant to Federal Rule of Civil Procedure 28(j) and Circuit Rule 28-6, Petitioner Center for Biological Diversity ("Center") submits this letter concerning the United States Supreme Court's opinion in *Encino Motorcars, LLC v. Navarro*, No. 15-415 (June 20, 2016), *available at* www.supremecourt.gov/opinions/15pdf/15-415_mlho.pdf.

      *Encino Motorcars* supports the Center's arguments in two ways.  First, the opinion confirms that judicial deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), applies only to agency interpretations embodied in regulations or other actions that carry the force of law.  *Encino Motorcars*, slip op. at 7-8.  The opinion thus further supports the Center's contention that the individual permit decision and informal guidance at issue in this case are not entitled to *Chevron* deference.  *See* Center Opening Br. at 24-25; Center Reply Br. at 2-3.

      Second, *Encino Motorcars* underscores that an unexplained inconsistency in agency policy can be a reason for holding that agency's interpretation of a statute arbitrary and capricious.  *Encino Motorcars*, slip op. at 9-10.  In *Encino Motorcars*, the Court held that the Department of Labor failed to explain adequately why the Fair Labor Standards Act supported the agency's changed interpretation of the scope of an overtime exemption.  *Id.* at 11-12.  Because the lack of explanation rendered the regulation enacting the change procedurally defective, the Court held the regulation could not carry the force of law and reversed the lower court's application of *Chevron* deference.  *Id.*

      The permitting decision challenged here similarly represents a deviation from long-standing agency practice and precedent.  *See* Center Opening Br. at 32-33, 34-36,

Alaska · Arizona · California · Florida · Minnesota · Nevada · New Mexico · New York · Oregon · Vermont · Washington, DC

Kevin Bundy, Climate Legal Director and Senior Attorney · 1212 Broadway, Suite 800 · Oakland, CA 94612
Phone: 510-844-7100 x 313 · Fax: 510-844-7150 · kbundy@biologicaldiversity.org

Molly C. Dwyer, Clerk
Re: Center for Biological Diversity v. U.S. EPA, No. 14-72602
July 1, 2016

37-45, 48-51, 53-55; Center Reply Br. at 3-4, 8-9, 10-11, 12-14, 18-21. As in *Encino Motorcars*, Respondent EPA's failure here to provide an adequate analysis or explanation as to why it believes the Clean Air Act compels a deviation from past agency policy and precedent renders its permitting decision arbitrary, capricious, and unworthy of judicial deference.

                                      Sincerely,

                                      Kevin P. Bundy
                                      Senior Attorney

cc:     Counsel of Record (via CM/ECF)